UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN RUSH,

       Plaintiff,

v.                                       Case No.  1:12-CV-239

MICHIGAN DEPT. OF STATE           HON. GORDON J. QUIST
ACCOUNT UNIT,

       Defendant.

_____/

## OPINION

     Plaintiff, John Rush (Rush), has filed a two-page complaint against the Michigan Department of State Account Unit.  Rush alleges that he is required to register under the Michigan Sex Offender Act (SORA), M.C.L.A. § 28.721, *et seq.*  (Compl. at 1.)  Rush further alleges that as a SORA registrant, he is required to re-register with the local law enforcement agency every 90 days and must show a current Michigan identification or drivers license.  (*Id.* at 2, ¶¶ 1, 2.)  Rush claims that the Michigan Secretary of State was grossly negligent in suspending his drivers license, which caused him to be non-compliant with his registration obligations under SORA.  Rush seeks an award of damages in the amount of $100,000.

     On March 26, 2012, the magistrate judge issued an order granting Rush leave to proceed *in forma pauperis*.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings").  The Court must read Rush's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and

accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992).

In addition, because this Court is a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994), it has an obligation to assure itself that it has jurisdiction to decide the case. "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citing *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)). Having reviewed Rush's complaint with the benefit of a liberal construction, the Court will dismiss the complaint because the Court lacks subject matter jurisdiction over Rush's claim. Even if Rush had alleged a federal claim against the State of Michigan, such claim would still be subject to dismissal under the Eleventh Amendment.

Rush alleges only a state-law claim of gross negligence against the Michigan Department of State. Because Rush is a Michigan citizen suing the State of Michigan, diversity of citizenship does not exist under 28 U.S.C. § 1332(a). Accordingly, the Court lacks subject matter jurisdiction over Rush's claim.

Even if Rush had asserted a claim under federal law, such as 42 U.S.C. § 1983, such claim would be subject dismissal for two reasons. First, the State of Michigan is not a "person" under 42 U.S.C. § 1983 and therefore would not be a proper defendant. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304, 2308 (1989) (holding that "a State is not a person within the meaning of § 1983"); *Howard v. City of Detroit*, 73 F. App'x 90, 102 n.13 (6th Cir. 2003) ("To the extent that the plaintiffs seek monetary damages under § 1983 from the State of Michigan, this claim fails because a State is not a person against whom a § 1983 claim for money damages might be asserted." (internal quotations omitted)). Moreover, such a claim would be subject to dismissal

2

because the State of Michigan is immune from suit in federal court under the Eleventh Amendment. "It is a fundamental principle of our federalism that the Eleventh Amendment bars suit against a state or one of its agencies in federal court without its consent." *Salt Lick Bancorp v. FDIC*, 187 F. App'x 428, 442 (6th Cir. 2006).  This is true regardless of the relief sought.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1964).  Because Michigan has not waived its immunity to suit under the Eleventh Amendment, *see Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994), any claim against the State of Michigan would be subject to dismissal.

An Order consistent with this Opinion will be entered.


Dated:  April 12, 2012                          _____/s/ Gordon J. Quist_____
                                                GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE